# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**Stephanie M.,**

        Plaintiff,

   v.

**Commissioner of Social Security,**

        Defendant.

**DECISION and ORDER**

1:21-cv-1210-MJP

---

## APPEARANCES

**For Plaintiff:**

**Rebecca M. Kujawa, Esq.**
Law Offices of Kenneth Hiller, PLLC
6000 N. Bailey Ave, Ste 1A
Amherst, NY 14226

**For Defendant:**

**Scott Elliot, Esq.**
Office of the General Counsel
Social Security Administration
6401 Security Blvd
Baltimore, MD 21235

## INTRODUCTION

**Pedersen, M.J.** The Equal Access to Justice Act ("EAJA" or the "Act") breaks with the general rule that each party must bear their own litigation expenses and allows a prevailing party to recover attorneys' fees from the government. 28 U.S.C. § 2142(d)(1)(A). But entitlement to EAJA fees is not absolute, and a prevailing plaintiff may be denied fees if the position of the United States was either substantially justified or

special circumstances would make an award unjust. *Id*. Here, the Court must decide whether an award of fees to Plaintiff under EAJA would be inappropriate where the same law office represented Plaintiff Stephanie M. ("Plaintiff") at the administrative level but failed to obtain records critical to determining Plaintiff's disability status for the ALJ to consider. *See generally Stephanie M. v. Comm'r of Soc. Sec.*, No. 1:21-CV-1210-MJP, 2024 WL 1334356 (W.D.N.Y. Mar. 27, 2024).

## BACKGROUND

As the parties know, the Court remanded this case. *Id*. at *4. Plaintiff sought review of an unfavorable decision before the Social Security Administration (the "Administration"). Plaintiff argued that the Administrative Law Judge ("ALJ") hearing her case failed to develop Plaintiff's mental health record with treatment notes before rendering a decision. Specifically, Plaintiff argued, "[n]early the entire longitudinal mental health treatment record is missing from th[e] transcript." *Id*. at *2 (alterations added and citation omitted). In response, the Court subpoenaed and reviewed 198 pages of mental health records from Plaintiff's mental health provider, Dr. Pamela Hughes, Ph.D., LCSW. *See id*. ("Those records consist of 198 pages, most of which are Mental Health Progress notes from April 26, 2018, until February 22, 2024.").

The existence of these records should not have come as a surprise to either Plaintiff's attorney or the ALJ. Before the hearing, both Plaintiff's attorney and the Administration made several attempts to obtain

records from Dr. Hughes. Further, Plaintiff referred to her ongoing treatment with Dr. Hughes in her testimony. (T. 35, 40.) Despite this, the ALJ decided that the record was complete. (T. 10.) This was error.

The subpoenaed records cut to the heart of the ALJ's decision. *See Stephanie M.*, 2024 WL 1334356, at *2 (finding inaccurate "the ALJ's assessment that 'progress notes do not reflect further intervention'" (citation omitted)). Even though Plaintiff's testimony during the hearing put the ALJ on notice that Dr. Hughes' notes were missing, the ALJ found that Plaintiff's mental health "progress notes do not reflect further intervention." (T. 15.) Because of the obvious gap created in the record by the absence of Dr. Hughes' notes, the Court could not assess whether the lack of notes showing continued treatment affected the ALJ's decision. *Stephanie M.*, 2024 WL 1334356, at *4.

The Court thus reversed the Commissioner's decision and remanded the matter pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further consideration. However, the Court permitted briefing on whether awarding EAJA fees would be inappropriate where the same law office represented Plaintiff at the underlying hearing yet did not obtain records from Dr. Hughes.

## APPLICABLE LAW

### I.    The parties share the responsibility of developing the administrative record.

Some additional background on Social Security proceedings is helpful before moving to the applicable legal standard. Because of the non-adversarial nature of Social Security benefits proceedings, the Court should examine the ALJ and claimant's representative's relative obligations to develop the record. Generally, the ALJ "has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). This obligation exists even when a claimant is represented by counsel. *Umansky v. Apfel*, 7 F. App'x. 124, 127 (2d Cir. 2001). Yet this obligation is not limitless, and the ALJ is not required to further develop the record where there are no obvious gaps and the ALJ possesses a complete medical history. *Johnson v. Colvin*, No. 1:14-CV-00353 (MAT), 2016 WL 624921, at *3 (W.D.N.Y. Feb. 17, 2016).

On the other hand, the law expects claimants to shoulder the bulk of the responsibility for showing medical evidence of a disability. *See Daniel R. v. Comm'r of Soc. Sec.*, No. 20-CV-00589-MJR, 2021 WL 1747788 at *6 (W.D.N.Y. May 4, 2021); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). The Supreme Court has noted that it is "not unreasonable to require the claimant, who is in a

better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Claimants' representatives are likewise required to assist their clients in fully complying with this responsibility. *Lindsay B. v. Comm'r of Soc. Sec.*, No. 20-CV-00897, 2021 WL 4912588, at *4 (W.D.N.Y. Oct. 21, 2021) ("It is well settled that a representative has an affirmative duty to provide competent assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit." (quoting Social Security Ruling 17-4p, 2017 WL 4736894, at *4)).

## II.    When a plaintiff obtains remand to the Administration, his or her attorney is generally awarded fees.

Questions of whether the ALJ or the plaintiff sufficiently developed the administrative record sometimes intertwine with awards of attorneys' fees. Social Security Disability appeals break from the "American Rule," under which each party generally bears its own costs and attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). EAJA breaks with this rule by allowing a prevailing claimant in a Social Security appeal to recover attorneys' fees from the Agency. *See Scarborough v. Principi*, 541 U.S. 401, 406–07 (2004) ("EAJA added two new prescriptions to [Section] 2412 that expressly authorize attorney's fee awards against the Federal Government. … [Section] 2412(d) rendered the Government liable for a prevailing

private party's attorney's fees and expenses in cases in which suit would lie only against the United States or an agency of the United States." (alterations added)).

This departure from the American Rule encourages access to counsel and "reduce[s] the 'economic deterrents to contesting governmental action.'" *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 304 (2d Cir. 2011) (quoting H.R. Rep. No. 96-1418, at 5–6 (1980)); *see also Scarborough*, 541 U.S. at 406 (noting that Congress enacted EAJA "to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government" (quoting H.R. Rep. No. 96-1005, at 9)). Shifting fees to the Agency benefits more than the prevailing attorney's bank balance; fee-shifting serves an important role in "assist[ing] the government in 'refining and formulating public policy.'" *Vincent*, 651 F.3d at 304 (quoting H.R. Rep. No. 96-1418, at 10).

## III.  There are two exceptions to the award of fees under EAJA.

Even so, a prevailing party's entitlement to fees is not absolute. EAJA provides two checks on a prevailing party's entitlement to attorneys' fees. A prevailing party is not entitled to fees if the position of the United States was substantially justified or if special circumstances make an award unjust under 28 U.S.C. § 2412(d)(1)(A).

### A. First, the plaintiff's attorney is not entitled to fees if the Commissioner's position was "substantially justified."

The Agency's position is substantially justified "if it had a 'reasonable basis both in law and in fact.'" *Kerin v. United States Postal Service*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563 (1988)). The test for whether the government's position was substantially justified is thus one of reasonableness. *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (analysis is whether the position can be "justified to a degree that could satisfy a reasonable person" (quoting *Pierce*, 487 U.S. at 565)).

A court 'assessing the reasonableness of the government's position [ ] must examine the full course of the litigation.'" *Bryant v. Apfel*, 37 F. Supp. 2d 210, 212 (E.D.N.Y. 1999) (alteration added) (quoting *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)). Thus, "a court should not perform separate evaluations of the Government's position at each stage of the proceedings." *Garth D. v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 508, 512 (W.D.N.Y. 2021) (quoting *United States v. $19,047.00 in U.S. Currency*, 95 F.3d 248, 251 (2d Cir. 1996)). "Instead 'only one threshold determination for the entire civil action is to be made.'" *Id.* (quoting *$19,047.00 in U.S. Currency*, 95 F.3d at 251).

**B.    Second, the plaintiff's attorney is not entitled to fees if special circumstances make the award of fees unjust.**

The special circumstances exception is harder to define. It grants "the court discretion to deny awards where equitable considerations dictate an award should not be made." *Scarborough*, 541 U.S. at 422–23 (2004) (internal quotation marks and quotation omitted)). Fees have been appropriately denied under the special circumstances exception where a party's "own misconduct created the circumstances that led to litigation" or where a party's contribution to the success of litigation was negligible. *Vincent*, 651 F.3d at 304 (citation omitted). But these examples only illustrate the exception; the Second Circuit expects a case-by-case analysis of special circumstances. *Id.*

## DISCUSSION

Plaintiff prevailed in an action against the Commissioner of Social Security because the Court remanded her case pursuant to section four of 42 U.S.C. § 405(g). Accordingly, Plaintiff is entitled to fees under the EAJA, unless the statute provides otherwise.

**I.    The Commissioner's position was not substantially justified.**

The Commissioner does not contend that its position was substantially justified. Indeed, there is no evidence to suggest it was. Neither the ALJ's failure to develop the record nor the Commissioner's position that the record was adequately developed were substantially justified.

*Cf. Bryant*, 37 F. Supp. at 213. First, at the hearing held before the ALJ, the Plaintiff testified that she had weekly appointments with Dr. Hughes. (T. 37, 40.) Despite this, the only information in the record from Dr. Hughes was a one-paragraph letter. The ALJ thus failed his obligation to develop the record where an obvious gap exists. *Johnson*, 2016 WL 624921, at *3. The ALJ was not substantially justified in failing to fulfill his affirmative obligation.

## II. While less straightforward, the Court finds that special circumstances should not prevent an award of fees in this case.

The "special circumstances" analysis is less straightforward. Although "the contours of the [exception] are indistinct," the Act's objective of encouraging access to counsel would be frustrated "if an indeterminate standard is applied to reduce or deny a fee award based on alleged deficiencies in the record." *Vincent*, 651 F.3d at 303, 304; *see also Astrue v. Ratliff*, 560 U.S. 586, 600 (2010) (Sotomayor, J., concurring) ("The EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled."). Because of this, the Second Circuit requires greater clarity when the exception is invoked due to adequacy of representation. *Vincent*, 651 F.3d at 304.

Because proceedings before the Administration break from the traditional adversarial model, the need for clarity is amplified in the context of Social Security appeals. *Id.* When fees are disputed due to an

underdeveloped record in a Social Security appeal, the Second Circuit has determined that denial is appropriate only if counsel "bore primary responsibility" for the deficiencies. *Id.* Accordingly, EAJA fees have been denied where the plaintiff failed to seek or produce critical medical records, making it impossible for the ALJ to determine if the plaintiff was entitled to benefits. *Bryant*, 37 F. Supp. at 213. However, fees have been upheld where counsel's actions merely contributed to the underdevelopment of the record, *see Jennifer Lee G. v. Comm'r of Soc. Sec.*, No. 1:18-CV-0250 (WBC), 2020 WL 13557773, at *2 (W.D.N.Y. Dec. 14, 2020) (awarding EAJA fees despite counsel knowing of missing records but failing to submit them for eighteen months), or where the missing records related only to collateral considerations for the ALJ. *See Vincent*, 651 F.3d at 306 (finding counsel not primarily responsible for failing to develop the record regarding issue collateral to disability determination where ALJ provided no notice).

The animating principle of the Second Circuit's decision in *Vincent* seems to be whether the parties had notice regarding deficiencies in the record. *See id.* ("In the circumstances of this case, in which the ALJ gave [Plaintiff] no notice of his credibility concerns, it was the ALJ's responsibility to develop the facts related to this collateral issue"). But unlike *Vincent*, there is no notice issue here regarding the importance of Plaintiff's mental health records. These records were not collateral to

the ALJ's decision: Notes from a treating provider are central to determining whether a claimant is disabled under the Social Security Act. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").

Responsibility for obtaining these records did not lie solely with Plaintiff's attorney. *See Umansky*, 7 F. App'x. at 127 (noting ALJ's affirmative obligation to develop the record exists even when claimant is represented). Where the missing records are central—not collateral—to a disability determination, the analysis should shift to whether the ALJ has notice of the records. *See Johnson*, 2016 WL 624921, at *3 ("[A]n ALJ has no duty to further develop the record where there are no obvious gaps." (internal quotation marks omitted)).

Here, although Plaintiff's counsel represented that the record was complete, (T. 32), Plaintiff's testimony put the ALJ on notice that there were obvious gaps in the record. (T. 37, 40 (testifying to a standing appointment with Dr. Hughes).) Because the ALJ and the claimant have a shared responsibility to develop the record, the claimant does not (and cannot) bear primary responsibility for failing to develop the record when the ALJ is on notice that the record contains obvious gaps. *See Jennifer Lee G.*, 2020 WL 13557773, at *2 (granting EAJA fees where

11

Plaintiff's counsel merely contributed to the underdevelopment of the record).

Further, a finding that Plaintiff's attorney bore primary responsibility on these facts would not comport with the realities of Social Security representation. The Second Circuit has noted that, in the context of Social Security appeals, both clients and legal representatives operate with limited resources. So, counsel must act with expediency. *See Vincent*, 651 F.3d at 306 ("It would be unreasonable to insist that counsel pursue issues collateral to the medical disability determination without any notice from the ALJ that such issues are likely material to the outcome.").

Here, the ALJ and Plaintiff's attorney placed several requests with Dr. Hughes for records. After this Court subpoenaed Dr. Hughes, it took several months for Dr. Hughes' records to arrive. Ultimately, it is unclear if Dr. Hughes would have provided the missing records absent this Court's judicial subpoena. (Text Order, ECF No. 15 (granting extension due to difficulty Dr. Hughes "will have in producing treatment records relevant to this matter and in response to the judicial subpoena served on her").) But social security practitioners beware: While Plaintiff's counsel did enough here to avoid a loss of attorneys' fees, this analysis is distinct from the applicable ethical analysis for determining if counsel has competently represented a client.

### III.    The Court's holding does not disturb the longstanding rule that an ALJ fulfills his or her duty to develop the record by keeping the record open.

One final note. The Court's holding today does not disturb the longstanding principle that an ALJ fulfills his or her duty to develop the record by keeping "the record open to allow counsel" to submit additional evidence helpful to the claimant. *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005); *see also Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 650 (W.D.N.Y. 2020) (holding that even where "the ALJ's duty to develop the record was triggered," the ALJ may satisfy that duty "by holding the record open after the hearing and subsequently granting" the claimant extensions to provide relevant medical records). Plaintiffs are still in the best position to obtain records from their own treating providers.

Even so, the ALJ here should have held the record open. Plaintiff's testimony exposed an obvious evidentiary gap. On this record, the ALJ did not fulfill his duty, and so, remand was appropriate, and fees for Plaintiff's attorneys are warranted.

### CONCLUSION

For these reasons, the Court finds that Plaintiff is entitled to attorneys' fees under EAJA. According to the Court's text order, (ECF No. 29, June 26, 2024), the Court grants the Commissioner 14 days to file any opposition to the amount of the proposed fee award. Alternatively,

the parties may settle an order providing for the award of fees to Plaintiff's attorneys within the same timeframe.

**IT IS SO ORDERED.**

Dated:        November 9, 2024
              Rochester, NY              /s/ Mark W. Pedersen
                                         MARK W. PEDERSEN
                                         United States Magistrate Judge

14